UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ISAAC KIRT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2118** |
| **CITY OF NEW ORLEANS, ET AL** | **SECTION "S"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Isaac Kirt ("Kirt"), is a prisoner housed in the Templeman Jail, Phase II-F3, a part of the Orleans Parish Prison system in New Orleans, Louisiana. Kirt filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the City of New Orleans, Criminal District Court Judge Julian Parker, former Acting Orleans Parish Criminal Sheriff William Hunter, Orleans Parish Criminal Sheriff Marlon Gusman, and Louisiana Attorney General Charles C. Foti, Jr.

Kirt alleges that on May 18, 2004, he entered into a plea agreement with the district attorney and Judge Parker. He alleges that the agreement was that, upon his plea of guilty, he would serve his sentence in a Louisiana Department of Corrections ("DOC") facility. He complains that he was instead placed within the Orleans Parish Prison system. He further complains the prison does not offer any of the benefits available in a DOC facility.

## II.  Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.    Improper Defendants

### A.    City of New Orleans

Kirt has named the City of New Orleans as a defendant in this matter. Kirt has not alleged any specific claims against the City but instead, under a broad reading, appears to include the City as a party responsible for his general complaints about the conditions of his confinement.

Under Louisiana law, however, the administration of a parish jail, including the obligation to care for, feed, and clothe the prisoners, is within the province of the Parish Sheriff, not the City where the jail is located. La. Rev. Stat. Ann. § 15:704 and § 33:1435(A); *see also Watson v. Graves*, 909 F.2d 1549, 1551 (5th Cir. 1990); *Thompkins v. Belt*, 828 F.2d 298, 304 n.8 (5th Cir. 1987); *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2 Cir. 1991). The City of New Orleans therefore has no causal link to the conditions of Kirt's conditions of confinement, nor responsibility for the administration of the Orleans Parish Prison system.

Kirt's claims against the City of New Orleans fails to state a claim upon which relief can be granted and are otherwise frivolous.

### B.    Sheriff Gusman, Sheriff Hunter and Attorney General Foti

Kirt also named Gusman, Hunter, and Foti as defendants in this suit, however, he does not set forth any allegations against these defendants.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." 42 U.S.C. § 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Under § 1983, the plaintiff must not only prove that a constitutional violation occurred,

but also that the defendant's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).

In the instant case, Kirt has not alleged that Foti, Gusman, or Hunter violated his constitutional rights while acting under color of state law . *See Reinhart v. Bonanno*, 1986 WL 4804 (E.D. Pa. Apr. 21, 1986). Additionally, he does not set forth any allegations detailing what, if anything, they did wrong. Therefore, the complaint against Foti, Gusman, and Hunter fails to state a claim for which relief can be granted and is otherwise frivolous.

To the extent Kirt intends to allege that Foti, Gusman, and Hunter are responsible for his assignment to Templeman as opposed to a DOC facility, his claim is also frivolous. Kirt has no protected interest in the location of his confinement and the decision is that of the Louisiana Department of Corrections.

It is well settled that the Due Process Clause does not, by itself, give a prisoner a protected liberty interest in the location of his confinement even if the environment of one prison may be "much more disagreeable" to the prisoner than in another. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Further, a prisoner has no liberty interest in being housed in any particular facility where the state statute vests discretion to the state officials to carry out their official function. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996); *see also Yates v. Stalder*, 217 F.3d 332 (5th Cir. 2000).

Louisiana Revised Statute § 15:566(B) sets forth the exceptions under which prisoners convicted of state criminal offenses are to be sent to DOC facilities from parish jails.[1] Further, Louisiana Revised Statute § 15:824, authorizes the Director of Corrections to decide to which penal institution an inmate should be delivered or transferred.[2] The Director of Corrections has broad

---

[1] La. Rev. Stat. Ann. § 15:566(B) provides:

> B. The sheriff or his duly qualified deputy, within thirty days of the date upon which sentence to imprisonment at hard labor has been imposed, shall deliver the prisoner to the state correctional institution designated by the Department of Corrections, unless:
> (1) The governor shall have reprieved said prisoner; or
> (2) The prisoner is retained in the parish pursuant to R.S. § 15:824(B) or R.S. § 15:832; or
> (3) The prisoner has been admitted to post-conviction bail; or
> (4) The prisoner has obtained an order of appeal and the secretary of the Department of Corrections agrees to take custody of the prisoner. In other cases in which an order of appeal is obtained, the sheriff shall deliver the prisoner to the department within fifteen days of the date upon which the highest court of the state to which the prisoner may appeal as of right has affirmed the conviction and sentence. If the prisoner has filed a timely application for rehearing, the sheriff shall deliver the prisoner within fifteen days of the date upon which the rehearing is denied. Application for writs of certiorari or review to the state supreme court shall not prevent transfer under the provisions of this Subparagraph; or
> (5) The court, for good cause, stays for a specified period a transfer to the Department of Corrections pursuant to Paragraph (4) above.

[2] La. Rev. Stat. Ann. §15:824(A) and (B) provide in pertinent part:

> A. Notwithstanding any provision of law to the contrary, any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department; however, no juvenile may be transferred to a penal or correctional facility for persons committed by a court having criminal jurisdiction except in accordance with the provisions of R.S. § 15:1062.
>
> B. (1)(a) In the event any individual has been committed to the department for confinement which is or has been delayed or prevented after final sentence by court order restricting the department from institutionalizing the individual, or when the individual is not institutionalized in a state penal or corrections institution because of lack of facilities under the control of the department, or the department otherwise refused to accept the individual for confinement, which resulted or has resulted in the individual being confined in a parish jail or institution after final sentence, or

discretion regarding the placement and transfer of state prisoners.  *See Santos v. La. Dept. of Corr. Secretary*, 1996 WL 89260 at *4 (E.D. La. Feb. 28, 1996) (noting that La. Rev. Stat. Ann. § 15:824(A), (B) does not give DOC prisoners a constitutionally protected right to be housed in a particular facility); *see also* La. Rev. Stat. Ann. § 15:566(B); *State v. Sylvester*, 648 So.2d 31, 33 (La. App. 4th Cir. 1994).

Thus, the State of Louisiana, by its broad discretionary statutes, has not created a protected liberty interest in being housed in a particular prison or being transferred from a parish jail to a DOC facility.  *Santos*, 1996 WL 89260 at *4.   Therefore, Kirt's claim that he is entitled to a transfer from the Orleans Parish Prison system to a DOC facility is frivolous.

### C.      Judge Parker

Kirt also filed suit against Judge Parker, the judge who presided over his plea of guilty and accepted his plea agreement.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise her authority free from any apprehension as to any personal consequences she may face.  *See Mireles v. Waco*, 502 U.S. 9, 10 (1991).  In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter.  *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief.  Relief of that nature was available under § 1983 against state court judges acting

> when he is being held in the parish jail without bail, pending an appeal, the department shall pay to each parish sheriff, or to the governing authority of those parishes in which the governing authority operates the parish jail, for keeping and feeding the individual in the parish jail the sum of twenty-one dollars per day from date of sentencing until the individual is confined in a penal or correctional institution under the supervision of the department. . . .

in their judicial capacity. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Title 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled *Pulliam*'s holding regarding the availability of injunctive relief against a state judge in her official capacity. *Guerin v. Higgins*, 2001 WL 363486 (2d Cir. April 11, 2001); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F. Supp.2d 204, 210 (D. Mass. 2000); *accord Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting the 1996 amendment to § 1983 would limit the relief available from a judge to declaratory relief). Injunctive relief therefore is not available to Kirt in this § 1983 action against Judge Parker. *See Tesmer v. Granholm*, 114 F. Supp.2d 603, 618 (E.D. Mich. 2000); *Nollet*, 83 F. Supp.2d at 210.

Here, the plaintiff seeks a transfer to a DOC facility. He does not allege, however, that Judge Parker had a role in the actual selection of the prison where he was placed after entry of his guilty plea. Nor does Kirt allege that Judge Parker acted outside of his role as a judicial officer which would take him outside of his immunity.

Consequently, the doctrine of absolute judicial immunity bars Kirt's suit for monetary and injunctive relief. Kirt does not allege that Judge Parker violated a declaratory decree or that declaratory relief was unavailable to redress his claims. Kirt's claims against Judge Parker are therefore legally frivolous.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that the plaintiff Isaac Kirt's § 1983 claims against the defendants, the City of New Orleans, Criminal District Court Judge Julian Parker, former Acting Orleans Parish Criminal Sheriff William Hunter, Orleans Parish Criminal Sheriff Marlon Gusman, and Louisiana Attorney General Charles C. Foti, Jr., be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which can be granted under Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_31st\_\_\_ day of _____March_____, 2006.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**